MEMORANDUM *
Ricky R. appeals the district court’s denial of his Rule 56(f) motion and its grant of summary judgment in favor of the City of Alhambra in this § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
*640 We first find the district court’s denial of the Rule 56(f) motion to be proper. The court acted within its discretion in finding that Ricky R. failed to (1) pursue discovery diligently prior to the City’s motion for summary judgment or (2) explain how the facts he hoped to elicit would create a genuine issue of material fact as to municipal liability. See Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994) (finding an abuse of discretion only where “the movant diligently pursued its previous discovery opportunities” and could “show how additional discovery would have precluded summary judgment”); Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir.2006) (upholding Rule 56(f) denial where there was no explanation of how the facts sought were essential to opposing summary judgment); Pfingston v. Ronan Eng’g Co., 284 F.3d 999, 1005 (9th Cir.2002) (upholding Rule 56(f) denial in part because plaintiff waited to commence discovery until shortly before discovery cutoff).
We also uphold the district court’s grant of summary judgment. Ricky R. raised no triable issue as to whether Sergeant Fisher’s actions were under color of law. See Anderson v. Warner, 451 F.3d 1063, 1068-69 (9th Cir.2006) (requiring an officer to be “acting ... or pretending to act in the performance of his or her official duties”). He also failed to raise a triable issue as to whether the City disregarded “a known or obvious consequence,” given the inconclusive 2003 investigation of Fisher and lack of evidence as to whether the City knew of his encounters with Fisher. Bd. of County Com’rs v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); see Van Ort v. Estate of Stanewich, 92 F.3d 831, 835-37 (9th Cir.1996); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.